HELMBOLD v. HELMBOLD

Ohio Appeals, 6th Dist., Lucas Co.

No. 1687. Decided May 17, 1926

681. JURISDICTION—In proceedings to sell real estate for payment of debts, probate and common pleas court have concurrent jurisdiction.

787. MORTGAGES—Although condition of defeasance accompanies a deed absolute in form by parol, where relation of debtor and creditor exist between parties, the deed will be considered a mortgage in equity.

YOUNG, J.

Mary Helmbold as administratrix of the estate of her deceased husband, Emil, brought an action in the Lucas Probate Court to sell his real estate to pay his debts making Gustave Helmbold, a brother, a party to the action.

The brother was found to have an interest and the property was ordered sold. The Common Pleas affirmed this judgment.

The husband and wife in 1917 had delivered to Gustave a warranty deed on the property, the consideration being certain indebtedness to Gustave, who upon prosecuting error contends that the deed is absolute upon its face and title is in him so that Probate Court was without jurisdiction to order the property sold.

It is contended by the administratrix that the deed did not convey the title absolutely and that the grantor was not entirely deprived of an interest in the property; that the instrument was merely a mortgage. The Court of Appeals held:

1. Under 10493 GC. the probate and common pleas court have concurrent jurisdiction in proceedings to sell real estate for payment of debts.

2. The evidence tends to show that the deed was to operate as security for the payment of loans made by Gustave to Emil, the property to be reconveyed to Emil or to his heirs at his death.

3. It is claimed by Gustave that the heirs only are entitled to a reconveyance and that this lies within the jurisdiction of the Common Pleas Court only.

4. Proceedings of an administrator to sell property for payment of debts whether in probate or common pleas court, is a civil action; and the probate court has jurisdiction to try any question of fact arising in the proceeding. 49 OS. 588.

5. Where a deed, absolute in form accompanies the transaction with a condition of defeasance, which exists in parol, if the relation of debtor and creditor exists between the parties the conveyance will be treated in equity as a mortgage.

6. The fact that the grantor remained in possession without payment of rent, does not indicate that the deed was not a mortgage.

7. Probate court had jurisdiction and judgment of the lower courts are affirmed.

Judgment affirmed.

Attorneys—Chester A. Meck and L. C. Feighner for Helmbold; Conn & Holloway for Admrx; all of Toledo.